# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Alonso Flores-Munoz,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Joe Arpaio,<br><br>　　　　　Defendant. | No. CV 05-1870 PHX JAT (JM)<br><br>**REPORT AND RECOMMENDATION** |

In accordance with 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice of the United States District Court for the District of Arizona, this case was referred to the Magistrate Judge for all pretrial proceedings and report and recommendation. For the reasons explained below, the Magistrate Judge recommends that the District Court, after independent review of the record, dismiss the Complaint [Docket No. 1] with prejudice due to the Plaintiff's failure to prosecute this action.

Plaintiff filed *pro se* the above-titled civil rights action pursuant to 42 U.S.C. § 1983 on June 21, 2005, complaining about the conditions at the Lower Buckeye Jail in Phoenix, Arizona. By Order dated November 7, 2005, the Clerk of Court was ordered to send a service packet to the Plaintiff [Docket No. 3]. The service packet was returned and the Defendant executed a waiver of service on December 27, 2005 [Docket No. 5]. On January 18, 2006, Plaintiff filed a Notice of Change of Address [Docket No. 6]. Then, on February 14, 2006, Defendant filed a Motion to Dismiss [Docket No. 8]. The Court thereafter issued an order directing Plaintiff to respond to the Motion to Dismiss by March 21, 2006 [Docket No. 9]. As of the date of this order, Plaintiff has not responded to the Motion to Dismiss.

In Judge Teilborg's order dated November 7, 2005, Plaintiff was warned that the failure to comply with any order issued in this matter may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Moreover, in Magistrate Judge Marshall's order dated February 23, 2006, Plaintiff was specifically directed to respond to the Motion to Dismiss by March 21, 2006 and warned that his failure to do so may be deemed consent to the granting of the motion. As the Plaintiff has failed timely to respond to the Motion to Dismiss, he has failed to pursue the prosecution of his case and he is in violation of Judge Teilborg and Magistrate Judge Marshall's orders. As such, dismissal of this action with prejudice is appropriate. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 855, 858-59 (9th Cir. 2001) (dismissal for failure to prosecute acts as an adjudication on the merits).

**Recommendation**

Based on the foregoing, the Magistrate Judge **recommends** that the District Court, after its independent review, issue an Order **dismissing** this matter with prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 05-1870-PHX-JAT**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 3rd day of April, 2006.

Jacqueline Marshall
United States Magistrate Judge